ERIE RAILROAD COMPANY, Appellant, *v.* INTERNATIONAL RAILWAY COMPANY, Respondent. (Action No. 2.)

*Pleadings — answer — sufficiency of defenses.*

Appeal from an order of the Supreme Court, made at the Erie Special Term and entered in the Erie county clerk's office May 16, 1922, overruling plaintiff's demurrer to the amended answer herein and ordering, under the provisions of section 5 of the Arbitration Law, that the trial and further prosecution of this action be stayed until arbitration has been had in accordance with the provisions of the agreement dated May 14, 1914.

PER CURIAM: Giving to the defenses set up in the 2d and 3d subdivisions of the answer a liberal interpretation (*Coatsworth* v. *Lehigh Valley R. Co.*, 156 N. Y. 451; *Clark* v. *West*, 193 id. 349), we cannot say that they fail to state equitable defenses within the principles declared in *Murtfeldt* v. *N. Y., W. S. & B. R. Co.* (102 N. Y. 703) and *Conger* v. *N. Y., W. S. & B. R. R. Co.* (120 id. 29). We, of course, do not now determine whether, upon the trial, the evidence produced under these defenses will justify a denial of the equitable relief demanded in the complaint. The defense set up in the 4th subdivision of the answer is sufficient, as alleging a subsequent agreement, inconsistent with the plaintiff's present claim. The defense set up in the 5th subdivision of the answer is insufficient, as no subject of arbitration falling within the terms of the arbitration clause of the contract is shown to exist. The order should be modified by striking out the provision for a stay and by inserting after the words " Ordered, that the said demurrer be, and the same hereby is, overruled," the words: " except as to the defense contained in the Fifth subdivision of the answer and as to such defense the demurrer is sustained," and as so modified the order should be affirmed, without costs of this appeal to either party. All concur. Order modified so as to provide for sustaining the demurrer as to the defense set up in the 5th subdivision of the answer and as so modified affirmed, without costs of this appeal to either party.

———

WARNER SUGAR REFINING COMPANY, Respondent, v. ANTHONY BUSCAGLIA and Another, Copartners, etc., Appellants.— Judgment and order affirmed, with costs. All concur.

In the Matter of the Intermediate Judicial Settlement of the Accounts of the SYRACUSE TRUST COMPANY, as Trustee under the Last Will and Testament of FLORA REED, Deceased.— Decree affirmed, with costs. All concur, except Sears, J., who dissents.

THE ROYAL INDEMNITY COMPANY, Respondent, v. THE J. G. WHITE ENGINEERING CORPORATION and Another, Appellants.— Order affirmed, with ten dollars costs and disbursements, on the ground that the complaint, as ordered amended, states sufficiently one cause of action only against defendants; the measure of damages, the extent of recovery, and the disposition of any excess over the award not being before the court on this appeal. All concur.

KATE E. SMITH, as Administratrix, etc., of GEORGE R. SMITH, Deceased, Appellant, v. THE STATE OF NEW YORK, Respondent.— Judgment affirmed, with costs. All concur.