■ VILLAGE OF SCHOHARIE, Appellant, v. KENNETH COONS et al., Respondents.— REYNOLDS, J. P. Appeal from a judgment of the County Court of Schoharie County, which dismissed appellant's complaint after a trial without a jury. About three months after the respondents in 1962 purchased a parcel of real property located in the Village of Schoharie, they allegedly first discovered the existence of a tile conduit which formed a portion of the surface water drainage system of the appellant. This conduit, which terminated on respondents' property, discharged water onto a portion of respondents' property which had been swamp land partially covered with undergrowth. In 1964, after detergent purportedly from a nearby laundromat as well as water was noticed being discharged from the conduit and nothing was done about this condition after a complaint was lodged with the Mayor and Village Superintendent, respondent Kenneth Coons took his bulldozer, crushed the tile conduit which was on his property, and covered it with fill. This caused the conduit to break open on the adjacent property of Marion Lawson. Thereafter, Coons buried the exposed conduit on Marion Lawson's property. Thus, at present, the end of the conduit is buried underneath the Lawson property about 25 feet from the boundary line between the two properties. Subsequently, in the spring of

1968, after a heavy rain, some flooding occurred when the drainage system failed to take care of the water and thereupon the appellant, contending that it had acquired an easement by prescription, commenced the instant action to require respondents to clear the conduit so that surface water could be discharged as it had been prior to the time when the drain was plugged by crushing and burying it. The trial court, noting that to establish a prescriptive easement it was necessary to establish five essential elements: hostile possession under a claim of right, actual possession, notorious possession, exclusive possession and continuous possession, found that the last four elements had been established but concluded that since there were no written records, " the installation and first use was by permission ", which " In the absence of proof to, the contrary * * * is presumed * * * to continue ", and thus hostile possession was not established. Accordingly, the trial court dismissed appellant's complaint. We cannot agree that a prescriptive easement was not established. The trial court determined that open, notorious and uninterrupted possession had been shown, and we find no basis on the instant record to disturb these factual findings. However, once such possession had been established the burden of proving permission was cast upon the respondents (*Di Leo* v. *Pecksto Holding Corp.*, 304 N. Y. 505; *Smith* v. *Folmsbee*, 31 A D 2d 584) and there being no proof as to permission at all that burden has unquestionably not been met here. The discharge of water onto the subject property clearly constituted an interference with the rights of the owners thereof (see *Moore* v. *Day*, 199 App. Div. 76, 86, affd. 235 N. Y. 554; *Smith* v. *State of New York*, 115 Misc. 683, 687–688, affd. 208 App. Div. 759) and thus possession was hostile. Accordingly, the appellant acquired an easement by prescription. Moreover, we find on the instant record that the respondents had at least constructive notice of the existence of the instant easement when they purchased the premises. Respondent, Kenneth Coons, testified that he had lived on Grand Street since 1945; that he had observed catch basins on Grand Street and Johnson Avenue; that he had observed other conduits draining behind adjacent properties and that he walked around the subject premises prior to purchasing it. When this testimony is coupled with the trial court's finding that the existence of the conduit "was well known to many witnesses who lived in the area " and the testimony of Madalene Ryan, a real estate agent who accompanied Kenneth Coons on his walk of inspection around the premises, that the drain was " obvious ", it is evident that the respondents had knowledge of facts sufficient to put them on inquiry as to the existence of the easement and thus took title subject to it (*Williamson* v. *Brown*, 15 N. Y. 354, 359, 362; *Kingsland* v. *Fuller*, 157 N. Y. 507, 512; *Lubelle* v. *Rochester Gas & Elec. Corp.*, 21 A D 2d 369, 371). Judgment reversed, on the law and the facts, and judgment granted on behalf of the appellant, with costs. Settle order. Reynolds, J. P., Staley, Jr., Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Reynolds, J. P.