■ PAUL SOLIMINI et al., Respondents, v JOHN PYTLOVANY et al., Appellants.—Mikoll, J. Appeal from an order of the County Court of Schenectady County (Harrigan, J.), entered November 18, 1987, which granted plaintiffs' motion for summary judgment.

Plaintiffs sought summary judgment granting them fee title by adverse possession or, in the alternative, a prescriptive easement over a certain strip of land lying between their property and that of defendants' adjoining property. The adverse possession claim was subsequently abandoned by plaintiffs. County Court granted plaintiffs a prescriptive easement and defendants now appeal.

It is undisputed that plaintiffs have owned lot No. 246,

known as 313 Fourth Street in the Village of Scotia, Schenectady County, since August 3, 1982. The prior owners of the lot were Joseph and Marian Jordan, who owned the property from January 23, 1977, and before them Donald and Linda Shannon, owners from May 21, 1974. Defendants are owners of lot No. 247, designated as 315 Fourth Street in Scotia, and are record owners of the strip of land as to which plaintiffs seek an easement.

In their supporting affidavits, plaintiffs have averred that they and their predecessors in title have used the entire driveway, including the strip of land in issue which is 1.8 to 3 feet in width and runs alongside the west boundary of their property, to park cars and as a means of ingress to and egress from their home. They contend that they have maintained the entire area, including the disputed strip, by repairing it when necessary and removing leaves and snow therefrom. They allege that defendants have never protested their use thereof and have always used a driveway on the opposite side of defendants' home. Defendants interposed general denials and two affirmative defenses, one alleging lack of personal jurisdiction over defendant John Pytlovany and the other alleging that plaintiffs never claimed any right, title or interest in the land. Defendants also aver that they used the strip of land in issue to walk on and to maintain the far side of their property. They allege generally any use of the land by plaintiffs was permissive in nature. In granting a prescriptive easement, County Court held that plaintiffs have proven their entitlement thereto by their open, continuous and uninterrupted use thereof for 13 years which the court concluded gave rise to the inference of hostile possession unrebutted by defendants.

There must be an affirmance. Entitlement to a prescriptive easement requires proof of hostile use under a claim of right, actual, open, notorious and continuous for a period of 10 years. When all elements are proven except hostile use, the latter will be inferred (see, City of Tonawanda v Ellicott Cr. Homeowners Assn., 86 AD2d 118, 121; Village of Schoharie v Coons, 34 AD2d 701, 702, affd 28 NY2d 568). Plaintiffs' use of the strip of land was admitted by defendants. Their attempt to prove use by permission, however, was totally insufficient to overcome the presumption of hostility. Defendants' assertions that they warned plaintiffs to keep their child away from under the eaves of their house, that they requested plaintiffs not to heap snow at their basement windows and that plaintiffs offered to pay them for a written grant of easement are,

as a matter of law, insufficient to rebut hostile possession. These allegations do not establish permissive use.

Order affirmed, with costs. Mahoney, P. J., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.