■ SALVATORE RUSSO, Appellant, v CITY OF NEW YORK et al., Respondents. [614 NYS2d 55] —In an action to recover damages for personal injuries, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Richmond County (Cusick, J.), entered March 31, 1992, which (1) upon denying his motion to have a prior decision of the same

court granting summary judgment in favor of the defendants deemed abandoned under 22 NYCRR 202.48 based upon the defendants' failure to settle an order on that decision for over two years, and (2) granting the defendants' cross motion for leave to settle an order, dismissed the complaint.

Ordered that the order and judgment is modified, by adding thereto a provision granting motion costs to the plaintiff; as so modified, the order and judgment is affirmed, without costs or disbursements.

By decision dated December 13, 1989, the Supreme Court, Richmond County, granted the defendants' motion for summary judgment, finding that the plaintiff's complaint failed to state a cause of action. When two years passed and the defendants neglected to settle the order granting them summary judgment, the plaintiff brought the instant application pursuant to 22 NYCRR 202.48, to deem the defendants' prior motion "abandoned" and to resuscitate his action. The court, however, ruled, *inter alia,* that there was no point in reviving a lawsuit devoid of merit.

While we reject the defendants' argument that their misplacement of the file for two years satisfied the "good cause" requirement of 22 NYCRR 202.48 *(see, Garcia v New York City Tr. Auth.,* 193 AD2d 414; *Pena v City of New York,* 192 AD2d 493; *Seeman v Seeman,* 154 AD2d 584; *Grosso v Hauck,* 99 AD2d 750), and while we do not condone the defendants' dilatory behavior, we agree with the Supreme Court that on the very peculiar facts of this case the interests of justice demand that the court not be burdened with the trial of a demonstrably meritless action *(see,* CPLR 2005). A contrary result would not bring the "repose to court proceedings" *(Hickson v Gardner,* 134 AD2d 930, 931; *Persaud v Goriah,* 143 Misc 2d 225) that 22 NYCRR 202.48 was designed to effectuate, and would waste judicial resources. Sullivan, J. P., Balletta, Altman and Friedmann, JJ., concur.