■ ANNAMARIE MEANY, Respondent, v SUPERMARKETS GENERAL CORPORATION et al., Appellants. [658 NYS2d 338] —In an action to recover damages for personal injuries, the defendants appeal from (1) an order of the Supreme Court, Suffolk County (Gowan, J.), dated August 16, 1996, which granted the plaintiff's motion pursuant to 22 NYCRR 202.48 (b) to have the defendants' motion to dismiss the complaint deemed abandoned and to have the case restored to the trial calendar to the extent of reinstating the complaint, and denied their cross motion to settle a judgment nunc pro tunc, and (2) an order of the same court, dated October 22, 1996, which denied their motion for reargument.

Ordered that the appeal from the order dated October 22, 1996, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated August 16, 1996, is reversed, as a matter of discretion, without costs or disbursements, the plaintiff's motion is denied, and the defendants' cross motion is granted.

The defendants' motion, denominated as one for renewal and reargument, was not based upon new evidence which was unavailable upon the original motion, and the defendants failed to offer a reasonable excuse as to why such evidence was not submitted at that time. Therefore, the Supreme Court properly treated the motion as one solely for reargument, the denial of which is not appealable (see, *McLean v Huntington Hosp.,* 227 AD2d 533, *Mgrditchian v Donato,* 141 AD2d 513; *Matter of Bosco,* 141 AD2d 639; *Caffee v Arnold,* 104 AD2d 352).

After the plaintiff presented her proof at trial, the defendants moved to dismiss the complaint for failure to prove a prima facie case. The Supreme Court granted the defendants' motion, and directed that a judgment be settled. The defendants failed to submit a judgment for settlement, and also failed to offer "good cause" for their failure to timely settle a judgment (see, 22 NYCRR 202.48 [b]). Nevertheless, since the Supreme Court already determined, after a trial, that the plaintiff failed to establish a prima facie case, we find that the Supreme Court improvidently exercised its discretion in granting, to any extent, the plaintiff's motion to deem the defendants' motion abandoned and to have the case restored to the trial calendar. The Supreme Court's result would not bring the repose to court proceedings that 22 NYCRR 202.48 was designed to effectuate, and would waste judicial resources (see, *Crawford v Simmons,* 226 AD2d 667; *Russo v City of New York,* 206 AD2d 355). Thus, we also find that the defendants were entitled to settle a judgment nunc pro tunc. Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.