■ In the Matter of PAUL ARGENTO, Appellant, v NEW YORK STATE DIVISION OF HOUSING AND COMMUNITY RENEWAL, Respondent. [702 NYS2d 899] —In a proceeding pursuant to CPLR article 78 to review so much of a determination of the New York State Division of Housing and Community Renewal, dated December 27, 1996, as imposed treble damages for rent overcharges, the petitioner appeals from (1) a decision of the Supreme Court, Queens County (Golia, J.), dated August 1, 1997, and (2) an order of the same court, dated September 14, 1998, which denied his motion, *inter alia,* for relief pursuant to 22 NYCRR 202.48 (b).

Ordered that the appeal from the decision dated August 1, 1997, is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that on the Court's own motion, the notice of appeal from the order is treated as an application for leave to appeal from that order, and leave to appeal is granted (*see,* CPLR 5701 [b] [1]; [c]); and it is further,

Ordered that the order is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The petitioner commenced this CPLR article 78 proceeding to review so much of a determination of the respondent New York State Division of Housing and Community Renewal (hereinafter the DHCR) as imposed treble damages for rent overcharges. After the DHCR served its answer to the petition, the Supreme Court issued a memorandum decision finding no merit to the petition and directing that a judgment be settled. The DHCR failed to settle a judgment within 60 days of the signing and filing of the decision (*see,* 22 NYCRR 202.48 [a]).

The Supreme Court providently exercised its discretion in denying the petitioner's motion, *inter alia,* to deem the decision abandoned due to the failure of the DHCR to timely settle a judgment. A contrary result "would not bring the repose to court proceedings that 22 NYCRR 202.48 was designed to effectuate, and would waste judicial resources" (*Meany v Supermarkets Gen. Corp.,* 239 AD2d 393, 394; *see also, Crawford v Simmons,* 226 AD2d 667; *Russo v City of New York,* 206 AD2d 355). Joy, J. P., Altman, Goldstein and Schmidt, JJ., concur.