█ TERRI DELAHANTY et al., Appellants, v GEORGE DEGUIRE, JR., Respondent. [720 NYS2d 840] —In an action to recover damages for medical malpractice, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Dye, J.), dated March 20, 2000, as granted the defendant's motion to reinstate a memorandum decision of the same court dated June 3, 1996, and, in effect, extended the time within which to settle an order on the decision.

Ordered that the order is affirmed, with costs.

In January 1994 the plaintiffs' decedent commenced this medical malpractice action alleging that the defendant failed to diagnose her breast cancer. After the decedent was deposed, the defendant moved for partial summary judgment based upon a Statute of Limitations defense (*see,* CPLR 214-a). In a memorandum decision dated June 3, 1996, the Supreme Court determined that the motion for partial summary judgment should be granted, stating, *inter alia*, that the decedent "failed

to demonstrate that the continuous treatment doctrine should apply to this case [and] [t]hus any of plaintiff's claims arising out of care and treatment rendered by defendant more than two and one-half years before commencement of this action on January 3, 1994 are time barred." The court's decision also contained a directive to "settle order"; however, neither the decedent nor the defendant ever did so.

Although it is arguable whether the defendant demonstrated good cause as to why he failed to settle an order in compliance with 22 NYCRR 202.48, we agree with the Supreme Court that the interests of justice require that judicial resources not be wasted upon the trial of time-barred malpractice claims (*see, Matter of Argento v New York State Div. of Hous. & Community Renewal,* 269 AD2d 443; *Meany v Supermarkets Gen. Corp.,* 239 AD2d 393; *Crawford v Simmons,* 226 AD2d 667). Accordingly, the Supreme Court providently exercised its discretion in granting the defendant's motion.

The plaintiffs' remaining contention is without merit. Goldstein, J. P., Florio, Luciano and H. Miller, JJ., concur.