■ SUSANNE B. RUSSELL KIKENBORG, Appellant, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION et al., Respondents. [738 NYS2d 37] —Order, Supreme Court, New York County (Stanley Sklar, J.), entered October 12, 2000, which (1) denied plaintiff's motion to deem abandoned defendants' underlying motion to dismiss the complaint as time-barred and granted defendants' cross motion for leave to settle an order based on the court's November 16, 1999 decision holding that defendants' motion to dismiss the complaint as time-barred should be granted, and (2) granted defendants' motion to dismiss the complaint as time-barred, unanimously affirmed, without costs.

The motion court, in granting defendants' motion to dismiss the complaint, properly determined that plaintiff's claims for wrongful death by reason of medical malpractice were barred by the one year and 90-day statute of limitations applicable to wrongful death actions against Health and Hospitals Corporation defendants at the time of the accrual of plaintiff's claims (*see*, McKinney's Uncons Laws of NY § 7401 [New York City Health and Hospitals Corporation Act § 20; L 1969, ch 1016, § 1, as amended]; *Brennan v City of New York*, 59 NY2d 791, 793). Although the statutory period applicable to wrongful death actions against a public authority or public benefit corporation was subsequently lengthened to two years (*see*, Public Authorities Law § 2981), the longer statutory period was not in effect at the time plaintiff's action accrued and thus did not inure to plaintiff's benefit (*see*, *Matter of Torres v New York City Health & Hosps. Corp.*, 186 AD2d 60).

The motion court properly exercised its discretion in denying plaintiff's motion to have defendants' motion to dismiss the complaint as time-barred deemed abandoned by reason of defendants' failure timely to settle an order upon the decision ruling in their favor on their statute of limitations defense. Defendants' delay was relatively brief, and since the action was clearly time-barred, permitting her to proceed further would have been an exercise in futility (*see*, *Russo v City of New York*, 206 AD2d 355, 356, *lv denied* 84 NY2d 813).

Plaintiff's remaining claims regarding the constitutionality of Public Authorities Law § 2981 are unpreserved for appellate review. In any event, were we to review those claims, we would find them to be without merit. Concur—Sullivan, J.P., Rosenberger, Rubin, Friedman and Marlow, JJ.