■ RAYMOND NAGLE, JR., Respondent, v YONKERS CONTRACTING COMPANY, INC., Defendant and Third-Party Plaintiff-Appellant. RICE MOHAWK U.S. CONSTRUCTION CO., LTD., Third-Party Defendant. [776 NYS2d 877]—In an action, inter alia, to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Thomas, J.), dated August 1, 2003, which granted the plaintiff's motion to restore the action to the trial calendar and, in effect, denied its cross motion pursuant to 22 NYCRR 202.48 to enlarge the time to settle a judgment in connection with a prior order of the same court dated February 15, 2002, granting its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the cross motion is granted.

Following the issuance of the order dated February 15, 2002, which granted the defendant's motion for summary judgment dismissing the complaint and directed the parties to "settle judgment," the parties' actions reflected their belief, albeit mistaken, that a judgment was settled pursuant to 22 NYCRR 202.48. Indeed, the plaintiff appealed from the order and also served and filed a motion for leave to renew/reargue, thus undermining his claim that he believed that the motion was abandoned. Furthermore, the interests of justice demand that the Supreme Court not be burdened with the trial of an action which has been found to be meritless (*see Russo v City of New York,* 206 AD2d 355 [1994]). A contrary result would not bring the "repose to court proceedings" (*Russo v City of New York, supra* at 356) that 22 NYCRR 202.48 was designed to effectuate, and would waste judicial resources. Santucci, J.P., Smith, Luciano and Adams, JJ., concur.