■ ELLIOT ZARETSKY et al., Appellants, v OK HUI KIM et al., Respondents, et al., Defendants. [793 NYS2d 127]—

In an action to foreclose a mortgage, the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Schmidt, J.), dated May 7, 2003, as, in effect, granted that branch of the motion of the defendants Ok Hui Kim and Ki Won Kim which was to deem the action abandoned pursuant to

22 NYCRR 202.48 on the ground that they failed to settle a judgment within 60 days.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, that branch of the motion which was to deem the action abandoned pursuant to 22 NYCRR 202.48 on the ground that the appellants failed to settle the judgment within 60 days is denied, and the action is reinstated.

The plaintiffs commenced this action to foreclose a mortgage. After years of litigation, the Supreme Court held that the defendants Ok Hui Kim and Ki Won Kim defaulted on the mortgage and the plaintiffs were directed, by order dated July 9, 2001, to settle a judgment of foreclosure and sale. The plaintiffs failed to settle a judgment within 60 days of the signing and filing of the order (*see* 22 NYCRR 202.48 [a]).

The Supreme Court improvidently exercised its discretion, in effect, by granting that branch of the motion of the defendants Ok Hui Kim and Ki Won Kim which was to deem the action abandoned pursuant to 22 NYCRR 202.48 on the ground that the plaintiffs failed to settle a judgment within 60 days. This result " 'would not bring the repose to court proceedings that 22 NYCRR 202.48 was designed to effectuate, and would waste judicial resources' " (*Matter of Argento v New York State Div. of Hous. & Community Renewal*, 269 AD2d 443, 444 [2000], quoting *Meany v Supermarkets Gen. Corp.*, 239 AD2d 393, 394 [1997]; *see Russo v City of New York*, 206 AD2d 355, 356 [1994]). In addition, under the particular circumstances of this case, the plaintiffs were entitled to settle the judgment nunc pro tunc.

The plaintiffs' remaining contentions are academic in light of our determination. H. Miller, J.P., S. Miller, Crane and Spolzino, JJ., concur.