■ In the Matter of JOHN M. LOEFFLER, Appellant, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents. [828 NY'S2d 901]—In a proceeding pursuant to CPLR article 78 to compel the New York State Department of Environmental Conservation to remove the petitioner's real

property from the final freshwater wetlands map for Suffolk County, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Baisley, J.), dated May 6, 2005, which, upon an order of the same court dated September 16, 2004, (1) granting the cross motion of the New York State Department of Environmental Conservation and Erin M. Crotty, Commissioner of the New York State Department of Environmental Conservation, for leave to settle a judgment upon a decision of the same court dated December 24, 2002 determining to dismiss the petition as time-barred and (2) denying the petitioner's motion for leave to amend the petition, dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

By decision dated December 24, 2002 the Supreme Court determined to grant that branch of the motion of the New York State Department of Environmental Conservation and Erin M. Crotty, Commissioner of the New York State Department of Environmental Conservation (hereinafter together NYSDEC), which was to dismiss the proceeding as time-barred. Although NYSDEC did not establish good cause excusing its failure to settle a judgment within 60 days of the decision (see 22 NYCRR 202.48 [a]), the Supreme Court providently exercised its discretion in granting NYSDEC's motion for leave to settle a judgment upon the decision dated December 24, 2002 determining to dismiss the proceeding as time-barred, and in denying the petitioner's motion for leave to amend the petition, since doing so brought repose to the proceedings and preserved judicial resources (see Delahanty v DeGuire, 280 AD2d 638, 639 [2001]; Matter of Argento v New York State Div. of Hous. & Community Renewal, 269 AD2d 443, 444 [2000]; Crawford v Simmons, 226 AD2d 667 [1996]; Russo v City of New York, 206 AD2d 355, 356 [1994]; see also Zaretsky v Ok Hui Kim, 17 AD3d 455, 456 [2005]; Meany v Supermarkets Gen. Corp., 239 AD2d 393, 394 [1997]).

In light of our determination, we do not reach the petitioner's remaining contentions. Miller, J.P., Spolzino, Ritter and Dillon, JJ., concur.