■ In the Matter of Estate of THOMAS IMPERATO, Deceased. ANGELA AMENGUAL, Respondent; ALFRED ZUCARO, JR., Appellant. [888 NYS2d 425]—In a probate proceeding, the objectant Alfred Zucaro, Jr., appeals from an order of the Surrogate's Court, Rockland County (Nelson, S.), dated September 9, 2009, which, in effect, granted that branch of the petitioner's motion which was for leave to renew that branch of her prior motion which was to vacate a counter decree of the same court dated April 15, 2008, deeming the petitioner to have abandoned an order of the same court (Berliner, S.), dated September 10, 2007, granting the petitioner's motion, in effect, for summary judgment dismissing the objections to probate and admitting the will to probate, for failure to submit a decree within 60 days pursuant to 22 NYCRR 207.37, which had been determined in an order of the same court (Nelson, S.) dated May 27, 2008, and, upon renewal, vacated the counter decree dated April 15, 2008, in effect, vacated the order dated May 27, 2008, and directed the

petitioner to submit a decree in accordance with the order dated September 10, 2007.

Ordered that the order dated September 9, 2009 is affirmed, with costs.

Contrary to the objectant's contention, under the circumstances of this case, the Surrogate's Court providently exercised its discretion in granting that branch of the petitioner's motion which was for leave to renew the subject branch of her prior motion, and, inter alia, in vacating a counter decree dated April 15, 2008 (*see* CPLR 2221 [e]; 22 NYCRR 207.37; *Marzullo v General Motors Corp.,* 34 AD3d 540 [2006]; *Russo v Russo,* 289 AD2d 467 [2001]). Denying the petitioner's motion to vacate and set aside the counter decree " 'would not bring the repose to court proceedings that 22 NYCRR [207.37] was designed to effectuate, and would waste judicial resources' " (*Matter of Argento v New York State Div. of Hous. & Community Renewal,* 269 AD2d 443, 444 [2000], quoting *Meany v Supermarkets Gen. Corp.,* 239 AD2d 393, 394 [1997]; *see Matter of Loeffler v New York State Dept. of Envtl. Conservation,* 37 AD3d 470, 471 [2007]; *Zaretsky v Ok Hui Kim,* 17 AD3d 455, 456 [2005]; *Nagle v Yonkers Contr. Co., Inc.,* 7 AD3d 768 [2004]; *Russo v Russo,* 289 AD2d at 468).

The objectant's remaining contentions are without merit. Dillon, J.P., Miller, Angiolillo and Dickerson, JJ., concur.