The plaintiffs own real property adjacent to the defendants’ property in Staten Island. In 2007, the plaintiffs commenced this action seeking, inter alia, to recover damages for trespass due to the defendants’ installation of an underground pipe in the area between the plaintiffs’ tennis court fence and the defendants’ retaining wall (hereinafter the disputed area). The defendants interposed various counterclaims, alleging, inter alia, that they were entitled to a judgment declaring that they have a prescriptive easement with respect to the disputed area.
The defendants moved for summary judgment dismissing the complaint and on their counterclaims. In the order appealed *551 and. cross-appealed from, the Supreme Court, inter alia, granted that branch of the motion which was for summary judgment dismissing the second cause of action, which alleges trespass, and denied that branch of the motion which was for summary judgment on the first counterclaim, which seeks a judgment declaring that the defendants have a prescriptive easement with respect to the disputed area. The plaintiffs appeal and the defendants cross-appeal from stated portions of the order. We reverse the order insofar as appealed from, and affirm the order insofar as cross-appealed from.
To acquire an easement by prescription, it must be shown that the use was hostile, open and notorious, and continuous and uninterrupted for the prescriptive period of 10 years (see Morales v Riley, 28 AD3d 623 [2006]; Mandia v King Lbr. & Plywood Co., 179 AD2d 150, 156 [1992]; Gorman v Hess, 301 AD2d 683, 685 [2003]). Here, the defendants failed to show that their use of the specific portion of the disputed below-ground area that contains the underground pipe was open and notorious for the prescriptive period (cf. Village of Schoharie v Coons, 34 AD2d 701, 702 [1970], affd 28 NY2d 568 [1971]). Accordingly, they failed to establish their entitlement to judgment as a matter of law with respect to the prescriptive easement counterclaim, and summary judgment with respect to that counterclaim was properly denied (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
“The essence of trespass to real property is injury to the right of possession, and such trespass may occur under the surface of the ground” (Bloomingdales, Inc. v New York City Tr. Auth., 13 NY3d 61, 66 [2009]). Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the second cause of action, which alleges trespass, as they did not demonstrate a right to insert the underground pipe in the disputed area.
The plaintiffs’ contention that the defendants lack standing to bring counterclaims on behalf of their homeowners’ association is not properly before this Court, and the parties’ remaining contentions are without merit. Dillon, J.E, Balkin, Belen and Chambers, JJ., concur.
Motion by the appellants-respondents on an appeal and cross appeal from an order of the Supreme Court, Richmond County, dated December 22, 2010, to dismiss the cross appeal on the ground that it has been rendered academic, and to enlarge their time to perfect the appeal. By decision and order of this Court *552 dated August 25, 2011, that branch of the motion which was to dismiss the cross appeal was held in abeyance and referred to the panel of Justices hearing the appeal and cross appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal and cross appeal, it is
Ordered that the branch of the motion which was to dismiss the cross appeal is denied. Dillon, J.P., Balkin, Belen and Chambers, JJ., concur.