■ DJEKOTA CURANOVIC et al., Appellants, v PETER CORDONE et al., Respondents. [23 NYS3d 272]—

In an action, inter alia, pursuant to RPAPL article 15 for a judgment declaring that the defendants' property is subject to an easement in favor of the plaintiffs' property, the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Westchester County (Lefkowitz, J.), entered July 16, 2014, as, upon a decision and order of the same court (Colabella, J.) entered August 27, 2009, made after a nonjury trial, and an order of the same court (Lefkowitz, J.), entered April 4, 2014, granting the defendants' motion pursuant to CPLR 2004 to extend the time to enter judgment, is in favor of the defendants and against them dismissing the complaint.

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing those causes of action in the complaint which sought a declaration that the defendants' property is subject to an easement in favor of the plaintiffs' property, and adding thereto a provision declaring that the defendants' property is not subject to an easement in favor of the plaintiffs' property; as so modified, the judgment is affirmed insofar as appealed from, with costs to the defendants.

The plaintiffs and the defendants are neighbors in Yorktown Heights and share a common right-of-way from Hayes Road. In 1947, the common owner of both parcels, Ella Hayes, subdivided her property into what is now the plaintiffs' property and the defendants' property. A 10-foot-wide strip of land between the parties' properties was not conveyed to either property. The plaintiffs' deed gives them "a right of ingress and egress over the driveway along the southerly line of the premises to Hayes Drive, in common with others." The defendants' deed provides for "ingress and egress over the roads leading into the Hayes Property from the County Road." The defendants' deed also describes their property as "to the south side of a 10 foot right of way." The parties do not dispute that they each have the right of ingress and egress over the 10-foot-wide strip of land, but disagree as to whether the plaintiffs have an easement to use portions of the defendants' property as a driveway.

According to the plaintiffs, beginning in September 2007, the defendants began to restrict access to portions of the common driveway that were on the defendants' property. In October 2007, the plaintiffs commenced this action seeking a declaration that the defendants' property is subject to an easement in favor of the plaintiffs' property. After a nonjury trial, the Supreme Court issued a decision and order entered August 27, 2009, in effect, directing the dismissal of the plaintiffs' claims, and directing that a judgment be settled on notice. However, the defendants did not settle the judgment within 60 days, as required by 22 NYCRR 202.48.

In 2011, the plaintiffs commenced a second action, seeking essentially the same relief that was denied in this action, and asserting additional causes of action. The defendants moved for summary judgment in the second action, inter alia, dismissing numerous causes of action on the ground that they had been dismissed in this action and were thus barred by the doctrine of res judicata. The Supreme Court denied the motion, partly because no judgment had been entered in this action.

Thereafter, the defendants moved pursuant to CPLR 2004 in this action to extend their time to settle the judgment pursuant to the decision and order entered August 27, 2009. In an order entered April 4, 2014, the Supreme Court granted the motion, and a judgment was entered. On this appeal from that judgment, the plaintiffs contend that the Supreme Court erred in extending the defendants' time to settle the judgment, in dismissing their first cause of action as abandoned, and in dismissing their causes of action seeking an easement by prescription or necessity.

"It is within the sound discretion of the court to accept a belated order or judgment for settlement" (*Russo v Russo*, 289 AD2d 467, 468 [2001]; *see Dime Sav. Bank of N.Y. v Anzel*, 232 AD2d 446 [1996]). Moreover, a court should not deem an action or judgment abandoned where the result "would not bring the repose to court proceedings that 22 NYCRR 202.48 was designed to effectuate, and would waste judicial resources" (*Meany v Supermarkets Gen. Corp.*, 239 AD2d 393, 394 [1997]; *see Zaretsky v Ok Hui Kim*, 17 AD3d 455, 456 [2005]; *Matter of Argento v New York State Div. of Hous. & Community Renewal*, 269 AD2d 443, 444 [2000]; *Crawford v Simmons*, 226 AD2d 667 [1996]). Here, while we do not condone the defendants' dilatory behavior, we agree with the Supreme Court that, on the particular facts of this case, the interests of justice demand that the court not be burdened with the trial of demonstrably meritless causes of action (*see Russo v City of New York*, 206

AD2d 355, 356 [1994]). A contrary result would not bring the repose to court proceedings that 22 NYCRR 202.48 was designed to effectuate, and would waste judicial resources (*see id.* at 356). Accordingly, the Supreme Court did not improvidently exercise its discretion in extending the time in which to settle the judgment.

With respect to the cause of action seeking a declaration that the plaintiffs have an express easement, we disagree with the Supreme Court that the plaintiffs abandoned this cause of action by not specifically describing it in their posttrial brief (*see Silverman v Silverman*, 304 AD2d 41, 46 [2003]; *Colangione v State of New York*, 187 AD2d 844, 845, 846 [1992]). However, this cause of action should have been dismissed based upon the evidence adduced at trial. As the parties argued this issue at the trial before the Supreme Court, and briefed the issue on appeal, we address it in the first instance in the interests of judicial economy (*see Dockery v Sprecher*, 68 AD3d 1043, 1046 [2009]). Here, based upon the relevant deeds and the trial testimony, we find that the plaintiffs failed to show that the grantor intended to grant them an express easement over the defendants' land, beyond the 10-foot right of way (*see Ribellino v 110 Fifth St. Private, LLC*, 112 AD3d 807, 808 [2013]; *Menucha of Nyack, LLC v Fisher*, 110 AD3d 1037, 1040 [2013]).

The Supreme Court correctly determined, with respect to the cause of action alleging a prescriptive easement, that the plaintiffs failed to show by clear and convincing evidence that the use of the defendants' property was open, adverse, notorious, and continuous for the requisite 10-year time period (*see Old Town Tree Farm, Inc. v Long Is. Power Auth.*, 101 AD3d 692, 692 [2012]; *Garden Homes Mobile Home Park Co. LP v Patel*, 100 AD3d 688, 689 [2012]; *Masucci v DeLuca*, 97 AD3d 550, 551 [2012]). The evidence at trial established that the use was not continuous and uninterrupted for 10 years (*see Masucci v DeLuca*, 97 AD3d at 551).

Further, the Supreme Court properly determined that an easement by necessity did not exist, because additional access to the defendants' property was neither reasonable nor necessary for the fair enjoyment and beneficial use of the plaintiffs' property (*see Simone v Heidelberg*, 9 NY3d 177, 182 [2007]; *Klumpp v Freund*, 83 AD3d 790, 793 [2011]; *cf. Faviola, LLC v Patel*, 114 AD3d 823, 824-825 [2014]).

The plaintiffs' remaining contentions are without merit.

Since the complaint sought declaratory relief, we modify the judgment by adding a provision thereto declaring that the defendants' property is not subject to an easement in favor of the

plaintiffs' property (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Leventhal, J.P., Dickerson, Maltese and Duffy, JJ., concur.