■ DOROTHY GOSS, Appellant, v ADELINA DIMARCO et al., Defendants, and GARY SALATTO, Respondent. [42 NYS3d 829]—

In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Pitts, J.), dated December 7, 2009, which granted the unopposed motion of the defendant Gary Salatto pursuant to CPLR 3211 (a) (5) and (7) to dismiss the fourth and fifth causes of action, and (2) an order of the same court dated October 10, 2014, which denied her motion pursuant to 22 NYCRR 202.48 (b) to deem the prior motion of the defendant Gary Salatto pursuant to CPLR 3211 (a) (5) and (7) to dismiss the fourth and fifth causes of action abandoned based on that defendant's failure to settle the order dated December 7, 2009, and granted the cross motion of the defendant Gary Salatto for an extension of time to settle the order dated December 7, 2009.

Ordered that the appeal from the order dated December 7, 2009, is dismissed; and it is further,

Ordered that the order dated October 10, 2014, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant Gary Salatto.

In July 2009, the plaintiff commenced this action, inter alia, to recover damages for legal malpractice against, among others, Gary Salatto (hereinafter the defendant). The defendant moved pursuant to CPLR 3211 (a) (5) and (7) to dismiss the fourth and fifth causes of action asserted against him. In an order dated December 7, 2009, the Supreme Court granted the defendant's motion, which was unopposed. The court's decision contained a directive to "settle order," but the defendant failed to settle the order in compliance with 22 NYCRR 202.48 (a). Thereafter, the plaintiff moved pursuant to 22 NYCRR 202.48 (b) to deem the defendant's prior motion abandoned, and the defendant cross-moved for an extension of time to settle the order dated December 7, 2009. In an order dated October 10, 2014, the court denied the plaintiff's motion and granted the defendant's cross motion.

The plaintiff failed to submit papers to the Supreme Court in opposition to the defendant's motion pursuant to CPLR 3211 (a) (5) and (7) to dismiss the fourth and fifth causes of action. Since no appeal lies from an order or judgment granted upon the default of the appealing party (see CPLR 5511; *Morgan Stanley Mtge. Loan Trust [2007-8XS] v Harding*, 141 AD3d 511 [2016]), the appeal from the order dated December 7, 2009, must be dismissed (see *T. Mina Supply, Inc. v Clemente Bros. Contr. Corp.*, 139 AD3d 1038 [2016]; *Lillian H. Assoc., LLC v Halal*, 137 AD3d 873, 874 [2016]; *Yuan v Kaplan*, 129 AD3d

714 [2015]; *HCA Equip. Fin., LLC v Mastrantone*, 118 AD3d 850, 851 [2014]).

Furthermore, the Supreme Court providently exercised its discretion in denying the plaintiff's motion to deem the defendant's prior motion abandoned, and in granting the defendant's cross motion for an extension of time to settle the order dated December 7, 2009 (*see Campbell v Campbell*, 107 AD3d 929, 930 [2013]; *Matter of Loeffler v New York State Dept. of Envtl. Conservation*, 37 AD3d 470, 471 [2007]; *Delahanty v DeGuire*, 280 AD2d 638, 639 [2001]). Rivera, J.P., Austin, Roman and Connolly, JJ., concur.