Solomon v Burden (2018 NY Slip Op 07480)





Solomon v Burden


2018 NY Slip Op 07480


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
ANGELA G. IANNACCI, JJ.


2016-04276
 (Index No. 17844/11)

[*1]Philip Solomon, et al., respondents, 
v
Walter H. Burden III, et al., appellants, et al., defendants.


Lieb at Law, P.C., Center Moriches, NY (Andrew M. Lieb and Dennis Valet of counsel), for appellants.
Gerontianos Law Firm, P.C., Port Jefferson, NY (Elisa P. Gerontianos of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Walter H. Burden III, Jean J. Burden, and Silver Sands Motel, Inc., appeal from an order of the Supreme Court, Suffolk County (William B. Rebolini, J.), dated March 18, 2016. The order, insofar as appealed from, granted those branches of the plaintiffs' motion which were, in effect, to extend the time to submit an order of reference, and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In this action to foreclose a mortgage, the Supreme Court denied the plaintiffs' motion for summary judgment on the complaint. On appeal, this Court reversed that determination (see Solomon v Burden, 104 AD3d 839). Thereafter, the plaintiffs moved, inter alia, for an order of reference. The Supreme Court, among other things, granted that branch of the motion and directed the plaintiffs to submit an order of reference along with certain supporting documents. The plaintiffs failed to submit the order of reference and supporting documents to the court, allegedly because the documents were lost in the mail.
The plaintiffs made a second motion for an order of reference. The Supreme Court denied this motion without prejudice, finding that the plaintiffs abandoned their motion for an order of reference since they failed to submit the order of reference within 60 days after the signing and filing of the order directing submission, without showing good cause for their failure, in violation of 22 NYCRR 202.48(a). The plaintiffs then moved, inter alia, in effect, to extend the time to submit an order of reference, and for an order of reference. In the order appealed from, the court granted those branches of the plaintiffs' motion, excusing the plaintiffs' failure to submit some of the supporting documents the court had directed them to provide in its earlier order.
" It is within the sound discretion of the court to accept a belated order or judgment for settlement'" (Curanovic v Cordone, 134 AD3d 978, 979, quoting Russo v Russo, 289 AD2d 467, 468; see Dime Sav. Bank of N.Y. v Anzel, 232 AD2d 446). "Moreover, a court should not deem an action or judgment abandoned where the result would not bring the repose to court proceedings that [*2]22 NYCRR 202.48 was designed to effectuate, and would waste judicial resources'" (Curanovic v Cordone, 134 AD3d at 979, quoting Meany v Supermarkets Gen. Corp., 239 AD2d 393, 394; see Zaretsky v Ok Hui Kim, 17 AD3d 455, 456; Matter of Argento v New York State Div. of Hous. & Community Renewal, 269 AD2d 443, 444; Crawford v Simmons, 226 AD2d 667).
Here, under the particular facts of this case, the interests of justice dictate that the court not be burdened with a trial where liability is certain. To hold otherwise would be contrary to the intent of 22 NYCRR 202.48 and would lead to a waste of judicial resources (see Russo v City of New York, 206 AD2d 355, 356). Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the plaintiffs' motion which was, in effect, to extend their time to submit an order of reference.
The Supreme Court also did not violate the law of the case doctrine in excusing the plaintiffs' failure to submit some of the supporting documents the court had directed them to provide in its earlier order. Generally, a plaintiff in a foreclosure action who is awarded summary judgment on the complaint is entitled to an order of reference appointing a referee (see e.g. Citibank, N.A. v Gentile, 156 AD3d 859). Consequently, the court's original direction, made after the plaintiffs had already been awarded summary judgment, that supporting documents be submitted along with an order of reference was a discretionary ruling to which the law of the case doctrine does not apply (see Clark v Great Atl. & Pac. Tea Co., Inc., 23 AD3d 510, 511; Latture v Smith, 304 AD2d 534; Brothers v Bunkoff Gen. Contrs., 296 AD2d 764, 765).
The plaintiffs' remaining contention is without merit.
BALKIN, J.P., AUSTIN, SGROI and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court