■ JOHN DILAPI et al., Respondents, v EMPIRE DRILLING & BLASTING, INC., Appellant. (Action No. 1.) RUDOLPH RIENZO et al., Respondents, v EMPIRE DRILLING & BLASTING, INC., Appellant. (Action No. 2.) [880 NYS2d 115]—

In related actions, inter alia, to recover damages for injury to property, the defendant appeals from (1) a judgment of the Supreme Court, Orange County (Owen, J.), entered January 9, 2008, which upon a decision of the same court dated December 6, 2007, made after a nonjury trial, is in favor of the plaintiffs in action No. 1 and against it in the principal sum of $161,184, and (2) a judgment of the same court also entered January 9, 2008, which, upon the same decision, is in favor of the plaintiffs in action No. 2 and against it in the principal sum of $478,000.

Ordered that the judgments are affirmed, with one bill of costs.

"In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case that the trial judge had the advantage of seeing the witnesses" (*Pro-Health Care Assoc., LLP v Shapiro,* 46 AD3d 792, 793 [2007]; *see Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492 [1983]). We find no basis in the record to disturb the Supreme Court's determination that there was a causal connection between the defendant's blasting work and the claimed property damage to the plaintiffs' premises.

Moreover, contrary to the defendant's contention, the damages awarded by the court in both actions were "warranted by the facts" (*Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d at 499). "While it is a 'long-established rule that the proper measure of damages for permanent injury to real property is the lesser of the decline in market value and the cost of restoration,' the burden is on the defendant, 'to prove that a lesser amount than that claimed by plaintiff will sufficiently compensate for the loss' (*Jenkins v Etlinger,* 55 NY2d 35, 39; *Benavie v Baker,* 72 AD2d 541; *Hartshorn v Chaddock,* 135 NY 116)" (*Property Owners Assn. of Harbor Acres v Ying,* 137 AD2d 509, 510 [1988]). The plaintiffs in action No. 1 presented evidence of the cost of repairing the damage to their property. However, the defendant failed to present any evidence regarding the diminished value of the Dilapis' property or the cost of repairs. The plaintiffs in action No. 2 presented evidence of the cost of restoring their property. The Supreme Court's determination not to credit the appraisal of the property proffered by the defendant was proper because the appraiser testified at trial that his appraisal was based on the wrong square footage and did not establish the value of the home in June 2005 when the property damage occurred.

The defendant's remaining contention is without merit. Skelos, J.P., Dillon, Covello and Leventhal, JJ., concur.