■ EDWARD F. CAMPBELL, SR., Plaintiff, and LUCY A. CAMPBELL, Appellant, v EDWARD F. CAMPBELL, JR., et al., Respondents. (Appeal No. 1.) EDWARD F. CAMPBELL, SR., Plaintiff, and LUCY A. CAMPBELL, Respondent-Appellant, v EDWARD F. CAMPBELL, JR., et al., Appellants-Respondents. (Appeal No. 2.) [966 NYS2d 906]—

In an action, inter alia, to set aside a deed conveying real property on the ground of undue influence and for a judgment declaring the deed invalid, (1) the plaintiff Lucy A. Campbell appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated March 17, 2010, as denied that branch of her cross motion pursuant to CPLR 4404 (b) which was to set aside so much of a decision of the same court dated July 17, 2009, made after a nonjury trial, as did not award her damages for the defendants' use and occupancy of the subject real property, and granted that branch of the defendants' motion pursuant to CPLR 5001 (a) which was for an award of prejudgment interest, and (2) the defendants appeal, as limited by their brief, from so much of a judgment of the same court entered December 9, 2011, as, upon the decision, and upon so much of the order as denied that branch of their motion, in effect, pursuant to CPLR 4404 (b) which was to set aside the decision, is in favor of them and against the plaintiff Lucy A. Campbell in the principal sum of only $274,260.98, and the plaintiff Lucy A. Campbell cross-appeals, as limited by her brief, from so much of the judgment as did not award her damages for the defendants' use and occupancy of the real property and awarded the defendants prejudgment interest.

Ordered that the appeal from the order dated March 17, 2010, is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

On a prior appeal in this action, this Court affirmed an interlocutory judgment annulling and setting aside a deed conveying the subject real property to the defendants (*see Campbell v*

*Campbell*, 50 AD3d 614 [2008]). After the conclusion of the nonjury trial, the Supreme Court determined that the defendants were entitled to damages in the principal sum of $274,260.98, to compensate them for expenses associated with, inter alia, maintaining and improving the subject property during their residency.

"In reviewing a determination made after a nonjury trial, the power of the Appellate Division is as broad as that of the trial court, and this Court may render the judgment it finds warranted by the facts, taking into account in a close case that the trial judge had the advantage of seeing the witnesses" (*Pro-Health Care Assoc., LLP v Shapiro*, 46 AD3d 792, 793 [2007]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]). Here, the Supreme Court's determination regarding the expenses incurred by the parties in maintaining and improving the subject property is warranted by the facts, and we find no reason to disturb it (*see Dilapi v Empire Drilling & Blasting, Inc.*, 62 AD3d 936 [2009]; *White v Guerrera*, 50 AD3d 779 [2008]; *P.T.& L. Contr. Corp. v Trataros Constr., Inc.*, 29 AD3d 763 [2006]; *Kahan v Sulaymanov*, 24 AD3d 612 [2005]).

The Supreme Court did not improvidently exercise its discretion in awarding the defendants prejudgment interest from the date that the defendants vacated the subject property (*see* CPLR 5001 [a]; *Friedman v Miale*, 69 AD3d 789 [2010]; *Salerno Painting & Coating Corp. v National Neurolabs, Inc.*, 43 AD3d 1140 [2007]; *Liberatore v Olivieri Dev.*, 294 AD2d 894 [2002]).

Although the defendants did not establish good cause for their failure to settle judgment within 60 days of the decision (*see* 22 NYCRR 202.48 [a]), the Supreme Court providently exercised its discretion in denying the motion of the plaintiff Lucy A. Campbell to deem the action abandoned, since doing so brought repose to the proceedings and preserved judicial resources (*see Matter of Loeffler v New York State Dept. of Envtl. Conservation*, 37 AD3d 470 [2007]; *Zaretsky v Ok Hui Kim*, 17 AD3d 455 [2005]; *Matter of Argento v New York State Div. of Hous. & Community Renewal*, 269 AD2d 443, 444 [2000]). Mastro, J.P., Dillon, Dickerson and Austin, JJ., concur.