◼ COMMUNITY PRESERVATION CORPORATION, Plaintiff, and NORTHERN BLVD CORONA, LLC, Respondent, v NORTHERN BLVD PROPERTY, LLC, et al., Appellants, et al., Defendants. NORTH BOULEVARD PROPERTY, LLC, et al., Intervenors-Respondents. [30 NYS3d 913]—In an action to foreclose a mortgage, the defendants Northern Blvd Property, LLC, and Yourik Atakhanian appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), dated December 1, 2014, as denied those branches of their motion which were pursuant to CPLR 5015 (a) (1) to vacate a judgment of foreclosure and sale dated May 5, 2014, entered upon their failure to answer the complaint, and for leave to serve a late answer.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff-respondent and the intervenors-respondents appearing separately and filing separate briefs.

In 2013, this mortgage foreclosure action was commenced against, among others, the defendants Northern Blvd Property, LLC, and Yourik Atakhanian (hereinafter together the appellants). A judgment of foreclosure and sale was entered upon the appellants' failure to answer the complaint. The appellants moved, inter alia, to vacate the judgment of foreclosure and sale pursuant to CPLR 5015 (a) and for leave to serve a late answer, and the Supreme Court denied the motion.

A defendant seeking to vacate a default in answering or appearing upon the ground of excusable default must demonstrate a reasonable excuse for the default and a potentially meritorious defense to the action (*see* CPLR 5015 [a] [1]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Westchester Med. Ctr. v Allstate Ins. Co.*, 80 AD3d 695, 696 [2011]). Here, the appellants failed to proffer an excuse for failing to answer the complaint. Thus, it is unnecessary to consider whether they demonstrated the existence of a potentially meritorious defense (*see EMC Mtge. Corp. v Toussaint*, 136 AD3d 861, 862 [2016]; *Citimortgage, Inc. v Bustamante*, 107 AD3d 752, 753 [2013]; *Bank of Am. v Faracco*, 89 AD3d 879, 880 [2011]).

In light of our determination, we need not reach the parties' remaining contentions. Leventhal, J.P., Roman, Hinds-Radix and Brathwaite Nelson, JJ., concur.