■ Dae Hyun Chung, Respondent, v Google, Inc., et al., Defendants, and IHATEDHC, Appellant. [59 NYS3d 465]—

In an action, inter alia, to recover damages for libel, the de-

fendant IHATEDHC appeals from an order of the Supreme Court, Kings County (Baily-Schiffman, J.), entered September 24, 2015, which denied its motion to vacate an order of the same court entered October 6, 2014, which granted the plaintiff's motion, inter alia, for a preliminary injunction directing the removal of its weblogs relating to the plaintiff and enjoining it from republishing those weblogs, upon its default in appearing and opposing the motion.

Ordered that the order entered September 24, 2015, is affirmed, with costs.

On September 2, 2014, the plaintiff commenced the instant action, inter alia, to recover damages for libel, and sought emergency relief by order to show cause, among other things, to compel the defendant IHATEDHC (hereinafter the defendant) to take down its allegedly defamatory weblogs. By order entered October 6, 2014, the Supreme Court, upon the defendant's default in appearing and opposing the motion, granted the plaintiff's motion, inter alia, for a preliminary injunction directing the removal of the defendant's weblogs relating to the plaintiff, and enjoining the defendant from republishing those weblogs.

Thereafter, the defendant moved to vacate the order entered October 6, 2014, on the ground, among others, that no affidavit of service or other proof of service of papers upon the defendant had been filed with the court. In response to the motion, proof was submitted that the defendant was in fact served.

In an order entered September 24, 2015, the Supreme Court denied the defendant's motion to vacate the order entered October 6, 2014. The court determined that the defendant's attorney could not claim that the defendant was not served, as only the defendant would have personal knowledge of whether it was served, and the defendant had not submitted an affidavit denying receipt of the relevant papers. The court further found that the defendant failed to provide a reasonable excuse for its default in appearing and opposing the motion.

Contrary to the defendant's contention, the plaintiff submitted proof that the defendant was in fact served. Thus, there was no basis to vacate the order entered October 6, 2014, pursuant to CPLR 5015 (a) (4) for lack of personal jurisdiction.

Furthermore, there was no basis to vacate that order pursuant to CPLR 5015 (a) (1) based upon an excusable default, as no reasonable excuse was rendered for the defendant's default. Since the defendant failed to proffer a reasonable excuse for its default, it is unnecessary to consider whether the defendant demonstrated the existence of a potentially meritorious defense

(*see Community Preserv. Corp. v Northern Blvd Prop., LLC*, 140 AD3d 689, 690 [2016]; *EMC Mtge. Corp. v Toussaint*, 136 AD3d 861, 862 [2016]).

The defendant's remaining contentions are either without merit or not properly before this Court.

Accordingly, the Supreme Court properly denied the defendant's motion to vacate the order entered October 6, 2014. Chambers, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.