Deutsche Bank Natl. Trust Co. v Quinn (2020 NY Slip Op 04456)





Deutsche Bank Natl. Trust Co. v Quinn


2020 NY Slip Op 04456


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-07095
 (Index No. 3660/15)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Thomas R. Quinn, et al., appellants, et al., defendants.


Zimmerman Law, P.C., Huntington Station, NY (Naomi Trainer of counsel), for appellants.
Duane Morris LLP, New York, NY (Brett L. Messinger of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Thomas R. Quinn and Louanne Quinn appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered November 6, 2017. The order and judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court entered March 1, 2017, denying the motion of the defendants Thomas R. Quinn and Louanne Quinn, inter alia, pursuant to CPLR 5015(a) and 22 NYCRR 202.48 to vacate an order of the same court entered March 17, 2016, is in favor of the plaintiff and against those defendants. By decision and order on motion dated February 7, 2018, this Court granted that branch of the motion of those defendants which was, in effect, to deem the notice of appeal from the order entered March 1, 2017, to be a premature notice of appeal from the order and judgment to the extent that the order is brought up for review on the appeal from the order and judgment.
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to foreclose a mortgage on real property owned by the defendants Thomas R. Quinn and Louanne Quinn (hereinafter together the defendants). The defendants answered the complaint, and the plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants. The motion was granted, without opposition, in an order entered March 17, 2016 (hereinafter the March 2016 order). The defendants thereafter moved, inter alia, pursuant to CPLR 5015(a) and 22 NYCRR 202.48 to vacate the March 2016 order. In an order entered March 1, 2017, the Supreme Court denied the defendants' motion. The court subsequently issued an order and judgment of foreclosure and sale, which was entered on November 6, 2017. The defendants appeal.
We agree with the Supreme Court's determination to deny those branches of the defendants' motion which were pursuant to CPLR 5015(a)(1) and (4) to vacate the March 2016 order. A plaintiff's failure to serve a defendant with a motion for summary judgment on the complaint deprives the Supreme Court of jurisdiction to entertain the motion, and nullifies any resulting order granting it (see Nationstar Mtge., LLC v Chase, 147 AD3d 964, 965). Here, however, [*2]the plaintiff's submission of an affidavit of service, indicating that the papers in support of its motion for summary judgment were timely mailed to the defendants' counsel at the address provided by counsel in the answer to the complaint, demonstrated that the defendants were properly served with the motion (see CPLR 2103[b][2]). Thus, the March 2016 order was not subject to vacatur for lack of jurisdiction pursuant to CPLR 5015(a)(4) (see Dae Hyun Chung v Google, Inc., 153 AD3d 494, 495).
Furthermore, there was no basis to vacate the March 2016 order pursuant to CPLR 5015(a)(1) on the ground of an excusable default, as the defendants did not demonstrate a reasonable excuse for their default in opposing the plaintiff's motion (see Wachovia Mtge., FSB v Coleman, 170 AD3d 1244, 1245; Caprio v 1025 Manhattan Ave. Corp., 63 AD3d 656). Since the defendants failed to demonstrate a reasonable excuse for their default, it is unnecessary to consider whether they demonstrated the existence of a potentially meritorious defense (see Dae Hyun Chung v Google, Inc., 153 AD3d at 495).
Under the circumstances of this case, the Supreme Court providently exercised its discretion in denying that branch of the defendants' motion which was to vacate the March 2016 order pursuant to 22 NYCRR 202.48, on the ground that the plaintiff failed to timely settle the order. The denial of that branch of the motion brought "repose to the proceedings and preserved judicial resources" (Campbell v Campbell, 107 AD3d 929, 930; see Solomon v Burden, 166 AD3d 702, 703; JP Morgan Chase Bank, N.A. v Atedgi, 162 AD3d 756, 758; Goss v DiMarco, 145 AD3d 861, 863).
The defendants' remaining contention is without merit.
BALKIN, J.P., COHEN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court