Matter of Crown Castle NG E., LLC v Town of Hempstead (2020 NY Slip Op 04940)





Matter of Crown Castle NG E., LLC v Town of Hempstead


2020 NY Slip Op 04940


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2019-05099
 (Index No. 2063/17)

[*1]In the Matter of Crown Castle NG East, LLC, respondent,
v
Town of Hempstead, et al., appellants.


Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Peter Sullivan of counsel), for appellants.
Snyder & Snyder, LLP, Tarrytown, NY (Robert D. Gaudioso and Douglas W. Warden of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Town of Hempstead dated December 12, 2016, denying the petitioner's request for certain documents pursuant to the Freedom of Information Law (Public Officers Law art 6), the Town of Hempstead, Marie Jerome, Frank A. Amorini, and Nasrin G. Ahmad appeal from a judgment of the Supreme Court, Nassau County (Karen V. Murphy, J.), entered January 18, 2019. The judgment granted the petition and awarded attorney's fees to the petitioner.
ORDERED that the judgment is affirmed, with costs.
In April 2017, the petitioner commenced this proceeding pursuant to CPLR article 78 against the Town of Hempstead; the Town's Records Access Officer, Marie Jerome; the Town's FOIL Appeals Officer, Frank A. Amorini; and the Town Clerk for the Town, Nasrin G. Ahmad (hereinafter collectively the appellants), inter alia, to review the Town's determination denying his request pursuant to the Freedom of Information Law (see Public Officers Law art 6; hereinafter FOIL) for access to certain documents, which denial was based on the "law enforcement exception" of Public Officers Law § 87(2)(e)(i).
In an order entered November 28, 2017, the Supreme Court denied the appellants' motion to dismiss the petition pursuant to CPLR 7804(f), rejected their proffered basis for denying the petitioner's FOIL request, ordered the production of the documents, and directed the petitioner to submit a judgment on notice with an affirmation as to reasonable attorney's fees. The appellants appealed from the order, which appeal subsequently was dismissed by this Court as abandoned.
Thereafter, the petitioner submitted a notice of settlement of judgment dated November 30, 2018, with supporting exhibits. The proposed judgment included an award of attorney's fees. In opposition, the appellants argued that the petitioner's proposed judgment was untimely pursuant to 22 NYCRR 202.48, and consequently should be rejected. On January 18, 2019, the Supreme Court entered a judgment in favor of the petitioner, directed the production of the requested documents, and awarded the petitioner attorney's fees. This appeal ensued.
22 NYCRR 202.48 requires, inter alia, that a judgment be submitted within 60 days after the filing of the decision directing its submission, and failure to timely submit the judgment shall be deemed an abandonment of the proceeding. However, " it is within the sound discretion of the court to accept a belated order or judgment for settlement'" (Curanovic v Cordone, 134 AD3d 978, 979, quoting Russo v Russo, 289 AD2d 467, 468). "Moreover, a court should not deem an action or judgment abandoned where the result would not bring the repose to court proceedings that 22 NYCRR 202.48 was designed to effectuate, and would waste judicial resources'" (Curanovic v Cordone, 134 AD3d at 979, quoting Meany v Supermarkets Gen. Corp., 239 AD2d 393, 394). Here, the Supreme Court providently exercised its discretion in accepting the petitioner's judgment despite its untimely submission, since doing so brought finality to the proceedings and preserved judicial resources (see Campbell v Campbell, 107 AD3d 929, 930; Waterfall Victoria Mtge. Trust 2011-1 REO, LLC v Mercado, 105 AD3d 734, 734; Matter of Loeffler v New York State Dept. of Envtl. Conservation, 37 AD3d 470, 471).
Furthermore, under the circumstances of this case, we agree with the Supreme Court's determination, upon the appellants' motion to dismiss the petition, to resolve the merits of this proceeding without requiring the appellants to file an answer, since the dispositive facts were undisputed, the arguments of the parties were fully set forth in the motion papers, and no prejudice resulted from the failure to require an answer (see Matter of Berg v Planning Bd. of the City of Glen Cove, 169 AD3d 665, 668; Matter of Arash Real Estate & Mgt. Co. v New York City Dept. of Consumer Affairs, 148 AD3d 1137, 1138; Matter of Universal Metal & Ore, Inc. v Westchester County Solid Waste Commn., 145 AD3d 46, 59; Matter of Baldwin Commons, LLC v Board of Assessors, 128 AD3d 1062, 1062-1063).
The parties' remaining contentions either are without merit or, in view of the foregoing, need not be considered.
MASTRO, J.P., ROMAN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court