Lola Roberts Beauty Salon, Inc. v Able Motor Cars Corp. (2023 NY Slip Op 00657)

Lola Roberts Beauty Salon, Inc. v Able Motor Cars Corp.

2023 NY Slip Op 00657

Decided on February 8, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 8, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
WILLIAM G. FORD, JJ.

2020-00996
 (Index No. 8312/10)

[*1]Lola Roberts Beauty Salon, Inc., appellant, 
v
Able Motor Cars Corp., respondent, et al., defendant (and a related action).

Deliso & Associates (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for appellant.
Kaufman Dolowich Voluck, LLP, Woodbury, NY (Kevin J. O'Donnell and Gino A. Zonghetti of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for injury to property, the plaintiff appeals from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), dated November 15, 2019. The order granted the motion of the defendant Able Motor Cars Corp. to dismiss the complaint insofar as asserted against it as abandoned pursuant to 22 NYCRR 202.48(b).
ORDERED that the order is reversed, on the law and in the exercise of discretion, with costs, and the motion of the defendant Able Motor Cars Corp. to dismiss the complaint insofar as asserted against it as abandoned pursuant to 22 NYCRR 202.48(b) is denied.
Lola Roberts Beauty Salon, Inc. (hereinafter Lola Roberts), commenced this action (hereinafter Action No. 1) against its landlord, Able Motor Cars Corp. (hereinafter Able), among others, to recover damages it allegedly sustained as a result of a flood in the unit above its premises. Able commenced a related action (hereinafter Action No. 2) against Lola Roberts, among others, to recover damages for unpaid rent, among other things, because Lola Roberts vacated the premises before the expiration of its lease with Able. The actions were subsequently joined for trial. In a decision after nonjury trial dated January 23, 2018, the Supreme Court awarded Lola Roberts property damages and the return of its security deposit in Action No. 1, but did not award Lola Roberts any damages for lost profits or punitive damages. The court directed dismissal of the complaint in Action No. 2. The decision directed the parties to "settle judgment."
In March 2018, Able filed a notice of appeal and Lola Roberts filed a notice of cross-appeal from the January 23, 2018 decision. By decision and order on motion dated February 6, 2019, this Court, upon its own motion, dismissed the appeal and cross-appeal on the ground that no appeal lies from a decision (see Lola Roberts Beauty Salon, Inc., v Able Motor Cars Corp., 2019 NY Slip Op 62350(U) [2d Dept]).
Meanwhile, in February 2018, Able moved pursuant to CPLR 4404(b) to set aside the decision. By an affirmation of its attorney dated March 27, 2018, Lola Roberts opposed Able's motion to set aside the decision. On March 20, 2019, the Supreme Court denied Able's motion to [*2]set aside the decision.
By notice of motion dated April 10, 2019, Able moved to dismiss the complaint in Action No. 1 insofar as asserted against it as abandoned pursuant to 22 NYCRR 202.48(b) on the ground that Lola Roberts failed to settle the judgment within 60 days after the Supreme Court issued its decision after trial. Lola Roberts opposed Able's motion, contending that it showed good cause for its failure to settle the judgment based on Able's posttrial motion and because it was unclear from the decision which party was required to settle the judgment. By order dated November 15, 2019, the court granted the motion. Lola Roberts appeals.
"Proposed orders . . . with proof of service on all parties where the order is directed to be settled or submitted on notice, must be submitted for signature, unless otherwise directed by the court, within 60 days after the signing and filing of the decision directing that the order be settled or submitted" (22 NYCRR 202.48[a]). "Failure to submit the order . . . timely shall be deemed an abandonment of the motion or action, unless for good cause shown" (22 NYCRR 202.48[b]). These provisions are not applicable where the decision does not explicitly direct that the proposed judgment or order be settled or submitted for signature (see Funk v Barry, 89 NY2d 364). Upon the court's direction to settle or submit an order or a judgment, the party that prevailed on the underlying decision is obligated to do so (see Russo v Russo, 289 AD2d 467, 468). Here, contrary to Lola Roberts's contention, it was the prevailing party on the underlying decision and was obligated to timely settle the judgment (see id. at 468).
Nevertheless, under the circumstances of this case, Able's motion to set aside the decision, which was pending until shortly before Able moved to dismiss the complaint in Action No. 1 insofar as asserted against it as abandoned, among other things, constituted good cause for Lola Roberts's failure to timely settle the judgment (see Matter of Eckerd Corp. v Burin, 83 AD3d 1239, 1241; Marzullo v General Motors Corp., 34 AD3d 540; Bythewood v 333 E. Broadway Owners Corp., 201 AD2d 604, 605). Further, Lola Roberts's actions were devoid of any intent to abandon its claim, the record evinces a lack of prejudice to Able, and this result will bring the proper repose to the proceedings and avoid waste of judicial resources (see Deutsche Bank Natl. Trust Co. v Quinn, 186 AD3d 561, 563; Campbell v Campbell, 107 AD3d 929, 930; Matter of Eckerd Corp. v Burin, 83 AD3d at 1241; Marzullo v General Motors Corp., 34 AD3d at 540; Zaretsky v Ok Hui Kim, 17 AD3d 455, 456; Russo v Russo, 289 AD2d at 468).
Accordingly, the Supreme Court improvidently exercised its discretion in granting Able's motion to dismiss the complaint in Action No. 1 insofar as asserted against it as abandoned pursuant to 22 NYCRR 202.48(b).
CONNOLLY, J.P., IANNACCI, MILLER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court