Catlin Ins. Co., Inc. v Falco Constr. Corp. (2023 NY Slip Op 02493)

Catlin Ins. Co., Inc. v Falco Constr. Corp.

2023 NY Slip Op 02493

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
JANICE A. TAYLOR, JJ.

2021-04738
 (Index No. 53206/19)

[*1]Catlin Insurance Company, Inc., etc., appellant,
v
Falco Construction Corp., respondent (and third-party actions).

Pillinger Miller Tarallo, LLP, Elmsford, NY (Daniel O. Dietchweiler of counsel), for appellant.
Ryan & Conlon, LLP, New York, NY (Elizabeth E. Malang and William F. Ryan of counsel), for respondent.

DECISION & ORDER
In a subrogation action to recover benefits paid by the plaintiff under a policy of insurance and third-party actions for indemnification and contribution, the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated May 3, 2021. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was to dismiss the third-party complaint asserted against LRC Construction, LLC, on the ground that the third-party action was barred by the antisubrogation rule.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff, Catlin Insurance Company, Inc., as subrogee of LRC Construction, LLC (hereinafter Catlin), commenced this subrogation action against Falco Construction Corp. (hereinafter Falco) to recover insurance benefits it paid in connection with property damage that occurred during a construction project for which LRC Construction, LLC (hereinafter LRC), was the construction manager and Falco performed excavation installation work. Falco commenced a third-party action against LRC, seeking indemnification and contribution.
Catlin, on behalf of its insured LRC, moved to dismiss the third-party complaint, inter alia, on the ground that the third-party action was, in essence, a subrogation action asserted on behalf of Falco's insurer and was barred by the antisubrogation rule because, pursuant to the contract between LRC and Falco, LRC was to be named as an additional insured under the insurance policy issued to Falco. In opposition to the motion, Falco submitted, inter alia, its insurance policy, under which LRC was included as an additional insured, "but only with respect to operations performed by or on behalf of [Falco]." In an order dated May 3, 2021, the Supreme Court, inter alia, denied that branch of Catlin's motion. Catlin appeals.
"Under the antisubrogation rule, an insurer has no right of subrogation against its own insured for a claim arising from the very risk for which the insured was covered" (Wausau Underwriters Ins. Co. v Gamma USA, Inc., 166 AD3d 928, 930 [internal quotation marks omitted]; see ELRAC, Inc. v Ward, 96 NY2d 58, 76). "The essential element of the antisubrogation rule is that the party to which the insurer seeks to subrogate is covered by the relevant insurance policy" [*2](Millennium Holdings LLC v Glidden Co., 27 NY3d 406, 416).
Assuming, arguendo, that the third-party action commenced by Falco can be regarded as effectively seeking subrogation on behalf of Falco's insurer, Catlin nonetheless failed to establish that the relief sought therein is barred by the antisubrogation rule. Since its submissions in support of its motion did not demonstrate that the loss was related to operations performed by or on behalf of Falco, Catlin failed, under the circumstances of this case, to establish that LRC was covered as an additional insured under the terms of Falco's insurance policy. Accordingly, the Supreme Court properly determined that, at this juncture, there is no basis on which to dismiss the third-party complaint pursuant to the antisubrogation rule (see Goya v Longwood Hous. Dev. Fund Co., Inc., 192 AD3d 581, 584-585; Kielar v Metro. Museum of Art, 55 AD3d 456, 459; Utica Mut. Ins. Co. v Brooklyn Navy Yard Dev. Corp., 52 AD3d 821, 822-823).
Catlin's remaining contentions are beyond the scope of its limited notice of appeal from the order, and we decline to exercise our discretion to consider those contentions (see McSparron v McSparron, 87 NY2d 275, 282; Redbridge Bedford, LLC v 159 N. 3rd St. Realty Holding Corp., 213 AD3d 876, 878).
CONNOLLY, J.P., MALTESE, ZAYAS and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court