U.S. Bank Trust, N.A. v Rahman (2023 NY Slip Op 03814)

U.S. Bank Trust, N.A. v Rahman

2023 NY Slip Op 03814

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2020-00382
 (Index No. 13076/12)

[*1]U.S. Bank Trust, N.A., etc., respondent,
v
Manik Rahman, et al., defendants; Manorhaven, Inc., etc., nonparty-appellant.

Fadullon Dizon Krul, LLP, Jericho, NY (Juan Paolo F. Dizon and Alexander Krul of counsel), for nonparty-appellant.
LOGS Legal Group, LLP, Rochester, NY (Ellis M. Oster of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty Manorhaven, Inc., appeals from an order of the Supreme Court, Queens County (Mojgan Cohanim Lancman, J.), dated October 29, 2019. The order denied that nonparty's motion pursuant to 22 NYCRR 202.48 and/or CPLR 5015(a)(5) to vacate a judgment of foreclosure and sale of the same court entered November 21, 2018, and a decision of the same court dated August 13, 2018, pursuant to 22 NYCRR 202.48 to vacate an order of reference of the same court (Robert L. Nahman, J.) dated July 26, 2016, and a decision of the same court dated October 15, 2015, and pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against the defendant Manik Rahman as abandoned.
ORDERED that the order dated October 29, 2019, is affirmed, with costs.
The defendant Manik Rahman (hereinafter the defendant) executed a note which was secured by a mortgage on certain real property in Queens. In 2012, the plaintiff's predecessor-in-interest commenced this action against the defendant, among others, to foreclose the mortgage. The defendant failed to interpose an answer or appear in this action. In July 2014, the defendant conveyed the property to nonparty Manorhaven, Inc. (hereinafter Manorhaven).
In a decision dated October 15, 2015, the Supreme Court determined, inter alia, that those branches of the unopposed motion of the plaintiff's predecessor-in-interest which were for a default judgment and an order of reference should be granted, and directed the plaintiff's predecessor-in-interest to "[s]ubmit order." The plaintiff's predecessor-in-interest submitted a proposed order in April 2016, and on July 26, 2016, the court issued an order of reference which, among other things, granted those branches of the motion of the plaintiff's predecessor-in-interest.
In a decision dated August 13, 2018, the Supreme Court determined, inter alia, that those branches of the motion of the plaintiff's predecessor-in-interest which were to confirm the referee's report, for a judgment of foreclosure and sale, and to substitute the plaintiff for the plaintiff's predecessor-in-interest should be granted. The August 13, 2018 decision directed the plaintiff's predecessor-in-interest to "settle a judgment on notice . . . on or before September 11, 2018." The plaintiff's predecessor-in-interest presented a notice of settlement and a corresponding [*2]judgment of foreclosure and sale to the court on October 29, 2018, and the judgment of foreclosure and sale was entered on November 21, 2018.
In May 2019, Manorhaven moved pursuant to 22 NYCRR 202.48 to vacate the October 15, 2015 decision and the order of reference, and pursuant to 22 NYCRR 202.48 and/or CPLR 5015(a)(5) to vacate the August 13, 2018 decision and the judgment of foreclosure and sale. Manorhaven also sought, pursuant to CPLR 3215(c), to dismiss the complaint insofar as asserted against the defendant. The Supreme Court denied Manorhaven's motion. Manorhaven appeals.
"Proposed orders or judgments, with proof of service on all parties where the order is directed to be settled or submitted on notice, must be submitted for signature, unless otherwise directed by the court, within 60 days after the signing and filing of the decision directing that the order be settled or submitted" (22 NYCRR 202.48[a]). "Failure to submit the order or judgment timely shall be deemed an abandonment of the motion or action, unless for good cause shown" (id. § 202.48[b]). "22 NYCRR 202.48 does not apply where the court merely directs a party to submit an order or judgment without expressly directing that the order or judgment be submitted on notice" (Deutsche Bank Natl. Trust Co. v Musheyev, 203 AD3d 1027, 1029; see James B. Nutter & Co. v McLaughlin, 189 AD3d 803, 804). Here, since the October 15, 2015 decision did not require that the proposed order of reference be settled or submitted on notice, the plaintiff's predecessor-in-interest was not required to comply with 22 NYCRR 202.48 (see Deutsche Bank Natl. Trust Co. v Musheyev, 203 AD3d at 1029). While this contention has been raised by the plaintiff for the first time on appeal, as Manorhaven concedes, it presents a pure question of law that appears on the face of the record and could not have been avoided if raised at the proper junction (see Federal Natl. Mtge. Assn. v Walter, 199 AD3d 889, 890; Wells Fargo Bank v Islam, 174 AD3d 670, 671-672).
Regarding the judgment of foreclosure and sale, "[i]t is within the sound discretion of the court to accept a belated order or judgment for settlement" (Solomon v Burden, 166 AD3d 702, 703 [internal quotation marks omitted]; see Curanovic v Cordone, 134 AD3d 978, 979; Russo v Russo, 289 AD2d 467, 468). "Moreover, a court should not deem an action or judgment abandoned where the result would not bring the repose to court proceedings that 22 NYCRR 202.48 was designed to effectuate, and would waste judicial resources" (Solomon v Burden, 166 AD3d at 703 [internal quotation marks omitted]; see Curanovic v Cordone, 134 AD3d at 979; Meany v Supermarkets Gen. Corp., 239 AD2d 393, 394). Here, the Supreme Court providently exercised its discretion in accepting the judgment of foreclosure and sale, which was submitted to the court on notice 48 days after the deadline set forth in the court's August 13, 2018 decision.
That branch of Manorhaven's motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against the defendant as abandoned was untimely because it was made after entry of the judgment of foreclosure and sale (see Deutsche Bank Natl. Trust Co. v Simpson, 208 AD3d 1305, 1308; Citimortgage, Inc. v Behrman, 189 AD3d 1159, 1161). While this contention has been raised by the plaintiff for the first time on appeal, as Manorhaven concedes, it presents a pure question of law that appears on the face of the record and could not have been avoided if raised at the proper junction (see Federal Natl. Mtge. Assn. v Walter, 199 AD3d at 890; Wells Fargo Bank v Islam, 174 AD3d at 671-672). Accordingly, the Supreme Court properly denied that branch of Manorhaven's motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against the defendant as abandoned.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., MILLER, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court