Gargano v Gargano (2023 NY Slip Op 05715)

Gargano v Gargano

2023 NY Slip Op 05715

Decided on November 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2021-07957 
2022-00213
 (Index No. 56845/11)

[*1]Darlene Gargano, appellant,
v
Michael Gargano, respondent.

Anthony M. Bramante, Brooklyn, NY, for appellant.
Sofia Balile, Brooklyn, NY, for respondent.

DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Delores J. Thomas, J.), dated October 25, 2021, and (2) a judgment of divorce of the same court dated December 2, 2021. The order, insofar as appealed from, denied the plaintiff's motion pursuant to 22 NYCRR 202.48 to dismiss the complaint as abandoned. The judgment of divorce, upon a decision of the same court dated June 7, 2018, made after a nonjury trial, inter alia, determined issues of equitable distribution of the marital estate and calculated the defendant's child support obligation.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment of divorce is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment of divorce in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment of divorce (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
The parties were married and, in 2011, the plaintiff commenced this action for a divorce and ancillary relief. Following a nonjury trial, in a decision dated June 7, 2018, the Supreme Court, among other things, directed the parties to settle judgment on notice within 60 days from the date of the decision. Thereafter, the parties made various posttrial motions, inter alia, to vacate and/or modify the decision after trial and to reopen the trial. In an August 2019 order, the court decided those motions and directed the parties to settle the judgment of divorce on notice within 30 days thereof. The parties failed to timely settle the judgment of divorce and, on March 2, 2020, the court, on its own motion, ordered that the parties "shall file the judgment roll on notice on or before March 31, 2020" and that, upon their failure to do so, the action "shall be deemed abandoned pursuant to 22 NYCRR § 202.48(b)." It is undisputed that the March 31, 2020 deadline was tolled pursuant to Executive Orders issued in response to the public health crisis occasioned by the COVID-19 pandemic (see Executive Order [A. Cuomo] No. 202.8 [9 NYCRR 8.202.8]; Murphy v Harris, 210 AD3d 410, 411).
On March 2, 2021, the defendant submitted the judgment roll. The plaintiff moved pursuant to 22 NYCRR 202.48 to dismiss the complaint as abandoned based upon the defendant's delay in submitting the judgment. By order dated October 25, 2021, the Supreme Court, inter alia, denied the plaintiff's motion. On December 2, 2021, the court issued a judgment of divorce. The plaintiff appeals, and we affirm.
"'It is within the sound discretion of the court to accept a belated order or judgment for settlement'" (Curanovic v Cordone, 134 AD3d 978, 979, quoting Russo v Russo, 289 AD2d 467, 468; see Matter of Crown Castle NG E., LLC v Town of Hempstead, 186 AD3d 1362, 1363). "Moreover, a court should not deem an action or judgment abandoned where the result 'would not bring the repose to court proceedings that 22 NYCRR 202.48 was designed to effectuate, and would waste judicial resources'" (Curanovic v Cordone 134 AD3d at 979, quoting Meany v Supermarkets Gen. Corp., 239 AD2d 393, 394; see Lola Roberts Beauty Salon, Inc. v Able Motor Cars Corp., 213 AD3d 751, 753; Campbell v Campbell, 107 AD3d 929, 930; Waterfall Victoria Mtge. Trust 2011-1 REO, LLC v Mercado, 105 AD3d 734; Matter of Loeffler v New York State Dept. of Envtl. Conservation, 37 AD3d 470, 471).
Here, contrary to the plaintiff's contention, the Supreme Court providently exercised its discretion in denying her motion pursuant to 22 NYCRR 202.48 to dismiss the complaint as abandoned, as the defendant demonstrated good cause for the delay in submitting the judgment roll and "since doing so brought finality to the proceedings and preserved judicial resources" (Matter of Crown Castle NG E., LLC v Town of Hempstead, 186 AD3d at 1363; see Lola Roberts Beauty Salon, Inc. v Able Motor Cars Corp., 213 AD3d at 753; Deutsche Bank Natl. Trust Co. v Quinn, 186 AD3d 561, 563; Curanovic v Cordone, 134 AD3d at 979-980; Campbell v Campbell, 107 AD3d at 930).
DILLON, J.P., CHRISTOPHER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court