Matter of Foreclosure of Tax Liens (McLean) (2025 NY Slip Op 03718)

Matter of Foreclosure of Tax Liens (McLean)

2025 NY Slip Op 03718

Decided on June 18, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 18, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2023-11672
 (Index No. 11885/18)

[*1]In the Matter of Foreclosure of Tax Liens, etc. City of Newburgh, appellant; R. Bruce McLean, respondent.

Michelle Kelson, Corporation Counsel, Newburgh, NY (Jeremy B. Kaufman of counsel), for appellant.

DECISION & ORDER
In a proceeding pursuant to RPTL article 11 to foreclose tax liens, the petitioner appeals from an order of the Supreme Court, Orange County (David J. Squirrell, J.), dated September 25, 2023. The order, insofar as appealed from, upon certain conditions, granted that branch of the respondent's motion which was to vacate so much of a judgment of foreclosure of the same court (Robert A. Onofry, J.) entered September 29, 2022, as pertained to certain properties.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the respondent's motion which was to vacate so much of the judgment of foreclosure as pertained to certain properties is denied.
The petitioner, City of Newburgh, commenced a proceeding to foreclose delinquent tax liens on, among other properties, two properties owned by the respondent, R. Bruce McLean (hereinafter the subject properties). On September 29, 2022, the Supreme Court entered a judgment of foreclosure, upon the respondent's default, in favor of the petitioner and against the respondent, among others (hereinafter the default judgment).
On June 6, 2023, the respondent moved, inter alia, to vacate so much of the default judgment as pertained to the subject properties. In an order dated September 25, 2023, the Supreme Court, among other things, upon certain conditions, granted that branch of the motion, finding that it was appropriate to exercise its equitable power to vacate so much of the default judgment as pertained to the subject properties since the respondent remained actively involved with the subject properties and had incurred significant expenses in doing so. The petitioner appeals.
"In the event of a failure to redeem or answer by [a] person having the right to redeem or answer" in a proceeding pursuant to RPTL article 11, "such person shall forever be barred and foreclosed of all right, title, and interest and equity of redemption in and to the parcel in which the person has an interest and a judgment in foreclosure may be taken by default" under RPTL 1136(3) (id. § 1131). "A motion to reopen any such default may not be brought later than one month after entry of the judgment" (id.).
Here, there is no dispute that the respondent failed to move pursuant to RPTL 1131 within one month of the entry of the default judgment on September 29, 2022. Accordingly, the [*2]respondent was not entitled to vacatur of so much of the default judgment as pertained to the subject properties (see Matter of Foreclosure of Tax Liens, 171 AD3d 1175, 1176). That the respondent allegedly incurred expenses with respect to the subject properties subsequent to the entry of the default judgment is of no consequence (see RPTL 1131). While this contention has been raised by the petitioner for the first time on appeal, "it presents a pure question of law that appears on the face of the record and could not have been avoided if raised at the proper junction" (U.S. Bank Trust, N.A. v Rahman, 218 AD3d 626, 629).
Accordingly, we reverse the order insofar as appealed from and deny that branch of the respondent's motion which was to vacate so much of the default judgment as pertained to the subject properties.
The petitioner's remaining contention need not be reached in light of our determination.
CHAMBERS, J.P., FORD, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court