Manufacturers & Traders Trust Co. v Ahmed (2025 NY Slip Op 04898)

Manufacturers & Traders Trust Co. v Ahmed

2025 NY Slip Op 04898

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2024-01310
 (Index No. 705214/15)

[*1]Manufacturers and Traders Trust Company, etc., respondent, 
v
Helal Ahmed, appellant, et al., defendants.

Fadullon Dizon Krul, LLP, Jericho, NY (Juan Paolo F. Dizon and Alexander Krul of counsel), for appellant.
Winston & Strawn LLP, New York, NY (Michael E. Blaine of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Helal Ahmed appeals from an order of the Supreme Court, Queens County (Pam Jackman Brown, J.), dated October 23, 2023. The order, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to 22 NYCRR 202.48(b) to vacate a decision of the same court (Robert L. Nahman, J.) dated December 6, 2016, and an order of the same court (Pam Jackman Brown, J.) dated May 11, 2017, granting the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Helal Ahmed and for an order of reference, and referring the matter to a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the appeal from so much of the order dated October 23, 2023, as denied that branch of the motion of the defendant Helal Ahmed which was pursuant to 22 NYCRR 202.48(b) to vacate the decision dated December 6, 2016, is dismissed, as no appeal lies from an order denying a motion to vacate a decision (see Coradin v New York City Tr. Auth., 3 AD3d 547); and it is further,
ORDERED that the order dated October 23, 2023, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On September 19, 2005, the defendant Helal Ahmed (hereinafter the defendant) executed a note in the sum of $600,000 in favor of NetBank. The note was secured by a mortgage on certain residential property located in East Elmhurst. The defendant allegedly defaulted on his obligations under the note and mortgage by failing to make the monthly payment due on December 1, 2010. Thereafter, the mortgage was assigned to Hudson City Savings Bank, FSB (hereinafter Hudson City). On May 20, 2015, Hudson City commenced this action against the defendant, among others, to foreclose the mortgage. The defendant interposed an answer in which he asserted various affirmative defenses.
In July 2016, Hudson City moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, to substitute Manufacturers and Traders Trust Company (hereinafter the plaintiff), as the plaintiff, and for an order of reference. The defendant opposed the motion. In a decision dated December 6, 2016, the Supreme Court concluded that the motion should be granted. The decision contained the directive: "Settle Order."
By notice of settlement dated February 1, 2017, the plaintiff advised that an annexed proposed order granting its motion would be presented to the Supreme Court for signature consistent with the decision dated December 6, 2016. According to an affidavit of mailing, the notice of settlement was served by first-class mail on February 2, 2017. On May 11, 2017, the court signed the plaintiff's proposed order granting its motion, among other things, for summary judgment on the complaint insofar as asserted against the defendant and referring the matter to a referee to ascertain and compute the amount due to the plaintiff.
In October 2017, the plaintiff moved, unopposed, for a judgment of foreclosure and sale. In an order dated April 19, 2018, the Supreme Court granted the motion. On November 26, 2018, the court issued a judgment of foreclosure and sale. Thereafter, in June 2019, the plaintiff moved to extend its time to sell the property and for the appointment of a successor referee. The defendant cross-moved, inter alia, pursuant to CPLR 5015(a)(1) to vacate his default in opposing the plaintiff's motion for a judgment of foreclosure and sale. In an order dated February 3, 2020, the court, among other things, denied the plaintiff's motion, granted that branch of the defendant's cross-motion, and vacated the order dated April 19, 2018.
In July 2021, the defendant moved (1) pursuant to 22 NYCRR 202.48(b) to vacate the decision dated December 6, 2016, and the order dated May 11, 2017, and (2) pursuant to CPLR 5015(a)(5) to vacate the judgment of foreclosure and sale. The defendant argued that the plaintiff had abandoned its motion, among other things, for summary judgment on the complaint insofar as asserted against the defendant "by failing to specify a settlement date on its notice of settlement" and "by failing to file proof of service of [the] notice of settlement upon [the] defendant." The defendant further argued that the judgment of foreclosure and sale was subject to vacatur because it was based on the vacated order granting the plaintiff's motion for a judgment of foreclosure and sale and because the decision dated December 6, 2016, and the order granting the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant should be vacated. The plaintiff opposed the motion. In an order dated October 23, 2023, the Supreme Court denied the motion. The defendant appeals.
"Proposed orders or judgments, with proof of service on all parties where the order is directed to be settled or submitted on notice, must be submitted for signature, unless otherwise directed by the court, within 60 days after the signing and filing of the decision directing that the order be settled or submitted" (22 NYCRR 202.48[a]). "Failure to submit the order or judgment timely shall be deemed an abandonment of the motion or action, unless for good cause shown" (id. § 202.48[b]; see U.S. Bank Trust, N.A. v Rahman, 218 AD3d 626, 628). A copy of the proposed order or judgment with notice of settlement must be served on all parties either "by personal service not less than five days before the date of settlement" or "by mail not less than 10 days before the date of settlement" (22 NYCRR 202.48[c][1][i], [ii]). "Moreover, a court should not deem an action or judgment abandoned where the result would not bring the repose to court proceedings that 22 NYCRR 202.48 was designed to effectuate, and would waste judicial resources" (U.S. Bank Trust, N.A. v Rahman, 218 AD3d at 628 [internal quotation marks omitted]).
Here, according to the plaintiff's affidavit of mailing, the notice of settlement was served on February 2, 2017, within 60 days of the date the decision was filed, i.e., December 29, 2016. However, although the notice of settlement itself set forth a list of persons to whom it was being sent, including the defendant's attorney, the affidavit of mailing omitted the intended recipients. Thus, the record does not show that the plaintiff settled the order in accordance with the requirements of 22 NYCRR 202.48(a) (see Aurora Loan Servs., LLC v Yogev, 194 AD3d 994, 995-[*2]996).
Nevertheless, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was pursuant to 22 NYCRR 202.48(b) to vacate the May 11, 2017 order (see JP Morgan Chase Bank, N.A. v Atedgi, 162 AD3d 756, 758). The defendant does not deny receiving the notice of settlement or that he had the opportunity to submit a counterproposal before the court signed the order on May 11, 2017. Thus, the defendant was not prejudiced by the plaintiff's failure to strictly comply with the requirements of 22 NYCRR 202.48 (see Lola Roberts Beauty Salon, Inc. v Able Motor Cars Corp., 213 AD3d 751, 753). Moreover, contrary to the defendant's contention, under the circumstances of this case, the denial of that branch of his motion brought "repose to the proceedings and preserved judicial resources" (Deutsche Bank Natl. Trust Co. v Quinn, 186 AD3d 561, 563 [internal quotation marks omitted]; see Campbell v Campbell, 107 AD3d 929, 930).
The defendant's contention that the Supreme Court erred in denying that branch of his motion which was pursuant to CPLR 5015(a)(5) to vacate the judgment of foreclosure and sale is beyond the scope of his limited notice of appeal from the order dated October 23, 2023, and we decline to exercise our discretion to consider that contention (see McSparron v McSparron, 87 NY2d 275, 282; Catlin Ins. Co., Inc. v Falco Constr. Corp., 216 AD3d 734, 735).
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., MILLER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court