Bank of N.Y. Mellon Trust Co., N.A. v Ahmed (2025 NY Slip Op 06588)

Bank of N.Y. Mellon Trust Co., N.A. v Ahmed

2025 NY Slip Op 06588

Decided on November 26, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2023-02900
 (Index No. 721522/20)

[*1]Bank of New York Mellon Trust Company, N.A., etc., respondent, 
v
Ripa Ahmed, et al., defendants, Mahammad A. Huda, appellant.

Fadullon Dizon Krul, LLP, Jericho, NY (Nicholas Safran, Juan Paolo F. Dizon, and Alexander Krul of counsel), for appellant.
Hinshaw & Culbertson LLP, New York, NY (Mohamed F. Sweify, Victor L. Matthews, and Adam Weiss of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Mahammad A. Huda appeals from an order of the Supreme Court, Queens County (Lance Evans, J.), entered March 7, 2023. The order, inter alia, denied those branches of that defendant's motion which were (1) pursuant to 22 NYCRR 202.48 to vacate an order of the same court (Chereé A. Buggs, J.) entered September 21, 2016, among other things, granting those branches of the plaintiff's motion which were for leave to enter a default judgment against that defendant and for an order of reference, and (2) pursuant to 22 NYCRR 202.48 and CPLR 5015(a) to vacate an order and judgment of foreclosure and sale (one paper) of the same court (Mojgan C. Lancman, J.) entered August 19, 2019, inter alia, confirming a referee's report and directing the sale of the subject property.
ORDERED that the order entered March 7, 2023, is affirmed, with costs.
The defendant Ripa Ahmed executed a note in favor of the plaintiff's predecessor-in-interest, which was secured by a mortgage on certain real property located in Woodside. At some point after the mortgage was recorded, the defendant Mahammad A. Huda (hereinafter the defendant) acquired an ownership interest in the subject property. In 2013, the plaintiff commenced this action against the defendant, among others, to foreclose the mortgage. The defendant failed to interpose an answer or appear in the action.
In June 2015, the plaintiff moved for leave to enter a default judgment against, among others, the defendant and for an order of reference. In response, the defendant's then-counsel filed a notice of appearance and cross-moved, inter alia, to vacate the defendant's default in answering the complaint or appearing in the action.
In a decision entered March 7, 2016, the Supreme Court indicated that it was granting the plaintiff's motion and directed the plaintiff to "settle order." The plaintiff served a notice of settlement of a proposed order upon the defendant individually, but not the defendant's counsel of record. In an order entered September 21, 2016 (hereinafter the order of reference), the court, inter alia, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference, and appointed a referee to compute the [*2]amount due to the plaintiff.
After a hearing before the referee, at which the defendant and his counsel appeared, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion. In a decision dated March 21, 2019, the Supreme Court indicated that it was granting the motion and directed the plaintiff "to settle a judgment of foreclosure and sale consistent with this Memorandum by mailing the same, supported [by, inter alia,] . . . an affidavit of service" to the court. On April 12, 2019, the plaintiff served the notice of settlement of a proposed order and judgment of foreclosure and sale upon the defendant by mailing a copy of the same to his counsel of record. The notice of settlement indicated an April 6, 2019, settlement date, six days prior to the date of service.
Thereafter, on August 19, 2019, the plaintiff filed the proposed order and judgment of foreclosure and sale, and the Supreme Court executed it. The order and judgment was entered on August 19, 2019.
In August 2021, the defendant moved, inter alia, pursuant to 22 NYCRR 202.48 to vacate the order of reference and pursuant to 22 NYCRR 202.48 and CPLR 5015(a)(5) to vacate the order and judgment of foreclosure and sale. In an order entered March 7, 2023, the Supreme Court denied the defendant's motion. The defendant appeals.
Contrary to the plaintiff's contentions, none of the parties' previous actions taken in this litigation, including the entry of the order and judgment of foreclosure and sale, and any appeals therefrom taken by codefendants, barred the defendant from seeking vacatur of the order and judgment of foreclosure and sale (see Rokina Opt. Co. v Camera King, 63 NY2d 728, 730; U.S. Bank Trust, N.A. v Rahman, 218 AD3d 626, 628). Moreover, the defendant's failure to argue on a prior motion or appeal that the plaintiff abandoned its motions for a default judgment and for an order of reference and to confirm the referee's report and for a judgment of foreclosure and sale, did not preclude the defendant from raising that argument on his motion. The defendant could not have challenged the alleged abandonment before it occurred (see Schultz v United States Fid. & Guar. Co., 201 NY 230, 234; see also West Val. Fire Dist. No. 1 v Village of Springville, 294 AD2d 949, 949).
22 NYCRR 202.48(c)(1) provides that "[w]hen settlement of an order or judgment is directed by the court, a copy of the proposed order or judgment with notice of settlement . . . shall be served on all parties." Further, 22 NYCRR 202.48(a) provides that "[p]roposed orders or judgments, with proof of service on all parties where the order is directed to be settled or submitted on notice, must be submitted for signature, unless otherwise directed by the court, within 60 days after the signing and filing of the decision directing that the order be settled or submitted." The failure to "submit the order or judgment timely shall be deemed an abandonment of the motion or action, unless for good cause shown" (id. § 202.48[b]; see U.S. Bank Trust, N.A. v Rahman, 218 AD3d at 628). However, "a court should not deem an action or judgment abandoned where the result would not bring the repose to court proceedings that 22 NYCRR 202.48 was designed to effectuate, and would waste judicial resources" (U.S. Bank Trust, N.A. v Rahman, 218 AD3d at 628 [internal quotation marks omitted]).
Here, the record does not show that the plaintiff settled the order in accordance with the requirements of 22 NYCRR 202.48(a) (see Aurora Loan Servs., LLC v Yogev, 194 AD3d 994, 995-996). Nevertheless, the Supreme Court providently exercised its discretion in denying vacatur of the order of reference and the order and judgment of foreclosure and sale pursuant to 22 NYCRR 202.48(b) (see Manufacturers & Traders Trust Co. v Ahmed, 241 AD3d 1326, 1329; JP Morgan Chase Bank, N.A. v Atedgi, 162 AD3d 756, 758). The defendant was not prejudiced by the plaintiff's failure to strictly comply with the requirements of 22 NYCRR 202.48 (see Manufacturers & Traders Trust Co. v Ahmed, 241 AD3d at 1329; Lola Roberts Beauty Salon, Inc. v Able Motor Cars Corp., 213 AD3d 751, 753). Moreover, under the circumstances of this case, the denial of vacatur pursuant to 22 NYCRR 202.48(b) brought "repose to the proceedings and preserved judicial resources" (Deutsche Bank Natl. Trust Co. v Quinn, 186 AD3d 561, 563 [internal quotation marks omitted]; see Manufacturers & Traders Trust Co. v Ahmed, 241 AD3d at 1329).
The defendant therefore also failed to establish that it was entitled to vacatur of the order and judgment of foreclosure and sale pursuant to CPLR 5015(a)(5). Vacatur of an order or judgment pursuant to CPLR 5015(a)(5) is warranted where there has been a "reversal, modification or vacatur of a prior judgment or order upon which [the judgment] was based." As such, vacatur of the order and judgment of foreclosure and sale pursuant to CPLR 5015(a)(5) was only appropriate if the order upon which the order and judgment was based, the order of reference, was vacated. Here, the defendant failed to set forth any grounds upon which he was entitled to vacatur of the order of reference. Accordingly, the Supreme Court properly determined that the defendant was not entitled to vacatur of the order and judgment of foreclosure and sale pursuant to CPLR 5015(a)(5) (see Wells Fargo Bank N.A. v Area Plumbing Supply, Inc., 207 AD3d 596, 597-598).
The parties' remaining contentions either are without merit, are improperly raised for the first time on appeal, or need not be reached in light of our determination.
MILLER, J.P., DOWLING, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court